IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JORGE SANDOVAL, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. CR 15-22-S-BLW <br><br> **REPORT AND RECOMMENDATION** |

On June 30, 2015, Defendant appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. Defendant executed a written waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to Defendant the nature of the charges, the maximum penalties applicable, his constitutional rights, the effect of the Sentencing Guidelines, and that the District Judge would not be bound by any agreement of the parties as to the penalty to be imposed. Further, the undersigned ordered a pre-sentence report.

Having conducted the change of plea hearing and having inquired of Defendant and his counsel, and counsel for the United States, the Court concludes that there is a factual basis for Defendant's plea of guilty, and that it was entered voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The

undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1. The District Court accept Defendant's plea of guilty to Count One of the Superseding Information (Docket No. 195).

2. The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss the Superseding Indictment (Docket No. 48) as to Defendant.

3. The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Superseding Information (Docket No. 195) and detailed at pages 4-7 of the Plea Agreement (Docket No. 137).

Written objections to this Report and Recommendation must be filed within fourteen days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: **June 30, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge